UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUNE POLACEK                                             PLAINTIFF

VS.                          CIVIL ACTION NO. 4:09CV145TSL-LRA

KEMPER COUNTY, MISSISSIPPI,
PHARMA PAC, LLC, NEIL SIRKIN,
SAMUEL SIRKIN and JOSEPH DONOVAN                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants
Pharma Pac, LLC, Neil Sirkin, Samuel Sirkin and Joseph Donovan to
dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal
Rules of Civil Procedure. Plaintiff June Polacek has responded to
the motion and the court, having considered the memoranda of
authorities submitted by the parties, concludes the motion is well
taken and will be granted to the extent it seeks dismissal of
plaintiff's claim against them under 42 U.S.C. § 1983, but these
defendants' further request that this court decline to exercise
supplemental jurisdiction over plaintiff's state law claims
against them will be denied.

According to the allegations of the complaint in this cause,
plaintiff June Polacek is a former employee of defendant Pharma
Pac, a company owned by defendants Neil Sirkin and Joseph Donovan.
Prior to her employment with Pharma Pac, Polacek was employed by a
New York company, Perrigo Company. Defendant Samuel Sirkin was
also employed by Perrigo. In September 2007, in connection with

an investigation by Perrigo of Samuel Sirkin for suspected misconduct, Polacek (who by then was employed by Pharma Pac) met with attorneys for Perrigo and provided detailed information about Samuel Sirkin's misappropriation of company funds. Perrigo subsequently filed suit against Samuel Sirkin in New York federal district court for the alleged misappropriation.

In this action, Polacek alleges that on October 10, 2007, shortly after she provided information to Perrigo relating to Samuel Sirkin's misappropriation, and in retaliation for having provided such information in the Perrigo investigation, Samuel Sirkin told Joseph Donovan that Polacek was stealing company secrets from Pharma Pac and providing them to a competitor of Pharma Pac. Polacek alleges that Donovan, in turn, falsely reported to a Kemper County sheriff's deputy that Polacek had stolen company secrets, and that based on the false allegations against her, she was arrested on October 11. She was arraigned the following day, but according to the complaint, since she was unable to make the $500,000 bail that had been set in her case, she remained in jail for another two weeks. By October 18, her attorney was able to get her bail reduced to $250,000, and, on October 25, after she managed to come up with $25,000 for a cash bond, plaintiff posted bond and was released. She was subsequently indicted "[b]ased on Pharma-Pac, LLC's baseless allegations and the failure of the Kemper County Sheriff's

Department to perform any investigation...."  Ultimately, on
November 12, 2008, the case was nolle prossed upon the district
attorney's office learning that the case was baseless.

Specifically, she charges the following:

On the days of October 10 and 11, Defendant Donovan, and
possibly other Pharma-Pac, LLC agents, then made
conclusory statements to a Kemper County deputy that
Plaintiff had stolen company secrets.  Pharma-Pac, LLC
did not convey facts demonstrating any probable cause
for Plaintiff's arrest.  In fact, the individual
Defendants and Pharma-Pac, LLC caused Plaintiff to be
arrested in retaliation for her providing information
about Samuel Sirkin's criminal activity in stealing from
Perrigo Company.  Pharma-Pac, LLC and its agents did not
disclose their retaliatory motive to Kemper County
deputies.  Plaintiff was arrested and confined in jail
on October 11, 2007.

Plaintiff goes on to allege that,

Largely because of the wealth and prestige of Defendant
Pharma-Pac, LLC in Kemper County, Mississippi, deputies
of Kemper County, Mississippi accepted conclusory
allegations by the individual defendants, as agents of
Pharma-Pac, LLC, that plaintiff had stolen privileged
information or company secrets valued in excess of
$10,000,000.00.  Their claims to a Kemper County
sheriff's deputy that Plaintiff had stolen privileged
information valued in excess of $10,000,000.00 was
fabricated in order to cause Plaintiff to be arrested
and so as to cause a high bail to be set, all in
retaliation for the fact that Plaintiff had provided
truthful information about Defendant Samuel Sirkin's
misappropriations from his former employer.

According to the complaint,

The indictment was caused by false hearsay statements to
the grand jury by Kemper County deputies and by Pharma-
Pac LLC representatives falsely claiming Plaintiff had
stolen unspecified "secrets" from Pharma-Pac, LLC and by
Kemper County deputies making no reasonable
investigation.  The Kemper County grand jury rubber stamped the
Defendant Pharma-Pac, LLC's claims and made no investigation.

3

There was no probable cause for the indictment and it was obtained by factually baseless, conclusory statements.  No truthful information could possibly have been presented that Plaintiff had committed any crime against Pharma-Pac, LLC.

In this action, Polacek has sued Kemper County under 42 U.S.C. § 1983 for violation of her Fourth Amendment right to be free from arrest without probable cause, asserting that her claim is "[b]ased on [the County's] official policy of causing arrests to be made of citizens and indictments to be made of citizens simply by relying upon representations of influential citizens without investigation of the facts and without knowing the specific basis for an arrest."  In addition, she has sued Kemper County for setting excessive bail, in violation of the Eighth Amendment.  As for the individual defendants, plaintiff has purported to assert a § 1983 claim against them, alleging they are liable "for acting in agreement or in concert with the Kemper County Sheriff's Department to cause Plaintiff's arrest and prosecution without probable cause in violation of the Fourth Amendment."  And, she has asserted state law claims against them for civil conspiracy, malicious prosecution, false arrest, abuse of process, intentional infliction of emotional distress, and for violation of Mississippi public policy for having her criminally prosecuted because of her reporting criminal activity.

In their present motion, the individual defendants contend that Polacek's complaint fails to state a cognizable claim against them under § 1983 since it fails to allege any factual basis that

4

would support a conclusion that these defendants were "state actors."  These defendants further argue that if the § 1983 claim against them is dismissed, there will remain no federal claims against them but only the several state law claims; and they submit that in light of the predominance of the state law claims, then pursuant to 28 U.S.C. § 1367(c)(2), the court should decline to exercise supplemental jurisdiction over Polacek's state law claims against them and require Polacek to litigate those claims in state court.

     To prevail on a claim under § 1983, a plaintiff must establish that: (1) she has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law.  Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999).  "Although private entities are not generally considered state actors, it is 'without doubt that the actions of a private citizen can, and in some circumstances do, become the actions of the state ... for purposes of § 1983.'"  Meade v. Dillard Dept. Stores, No. 00-51223, 2001 WL 1223752, 3 (5th Cir. Oct. 4, 2001) (quoting Hall v. Garson, 430 F.2d 430, 439 (5th Cir. 1970)); see also Bass, 180 F.3d at 241 (holding that "[p]rivate action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be fairly attributable to the State").  For a private individual to be acting under color of state law, the

5

deprivation of a federal right "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor ... because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 2753-2754, 73 L. Ed. 2d 482 (1982). In Adickes v. S.H. Kress & Co.,, the Supreme Court held:

> Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [1983]. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 1970). Thus, a non-state actor may be liable under § 1983 where he was a willful participant in a joint activity with the State or its agents. See Lugar, 457 U.S. at 931, 102 S. Ct. at 2750 ("[A] private party's joint participation with a state official in a conspiracy ... would constitute both 'state action essential to show a direct violation of petitioner's [constitutional] rights'

and action "'under color'" of law for purposes of [§ 1983].")

(quoting <u>Adickes</u>, 398 U.S. at 152, 90 S. Ct. at 1606).[1]

   To sustain a claim that a private citizen is liable under

§ 1983 on the basis of joint action with the State or state

officials, the plaintiff must allege facts showing an agreement or

meeting of the minds between the state actor and the private actor

to engage in a conspiracy to deprive the plaintiff of a

constitutional right, and that the private actor was a willing

---

[1]      The Fifth Circuit has noted the Supreme Court's use of a
number of tests for deciding whether a private actor's conduct can
be fairly attributable to the State:
     The "public function test" examines whether the private
     entity performs a function which is "exclusively reserved to
     the State". <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149,
     158, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).  Under the
     "state compulsion test", a private actor's conduct is
     attributable to the State when it exerts coercive power over
     the private entity or provides significant encouragement.
     <u>See</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 170-71, 90 S.
     Ct. 1598, 26 L. Ed. 2d 142 (1970).  The "nexus" or "state
     action test" considers whether the State has inserted "itself
     into a position of interdependence with the [private actor,
     such] that it was a joint participant in the enterprise".
     <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 357-58, 95 S. Ct.
     449, 42 L. Ed. 2d 477 (1974); <u>see</u> <u>also</u> <u>Lugar v. Edmondson Oil</u>
     <u>Co.</u>, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482
     (1982).  And, under the "joint action test", private actors
     will be considered state actors where they are "willful
     participant[s] in joint action with the State or its agents".
     <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L.
     Ed.2d 185 (1980).  The Supreme Court has not resolved
     "[w]hether these different tests are actually different in
     operation or simply different ways of characterizing [this]
     necessarily fact-bound inquiry...." <u>Lugar</u>, 457 U.S. at 939,
     457 U.S. 922.
<u>Cornish v. Correctional Servs. Corp.</u> 402 F.3d 545, 549-550 (5th
Cir. 2005).  The only test of relevance in the case at bar is the
"joint action" test.

participant in joint activity with the state or its agents.  <u>See</u>
<u>Little v. Epps</u>, No. CIVA 2:06CV65 KSMTP, 2007 WL 892364 (S.D.
Miss. Feb. 16, 2007)(observing that "in order for a private
citizen to be held liable under § 1983, the plaintiff must allege
that such citizen conspired with or acted in concert with state
actors") (citing <u>Mylett v. Jeane</u>, 879 F.2d 1272, 1275 (5th Cir.
1989)).  The private defendants herein argue in their motion that
under the standards applicable under Rule 12(b)(6), plaintiff's
complaint fails to sufficiently allege that they were "willful
participants in joint activity with the State or its agents," and
that the complaint therefore fails to state a cognizable § 1983
claim against them.  An examination of plaintiff's complaint
confirms defendants' position.

"While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations ..., a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause
of action will not do.... Factual allegations must be enough to
raise a right to relief above the speculative level ... on the
assumption that all the allegations in the complaint are true
(even if doubtful in fact)...." <u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)
(citations omitted).  To survive a motion to dismiss under Rule

12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 561-62, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In her complaint, Polacek does allege that the private defendants are liable "for acting in agreement or in concert with the Kemper County Sheriff's Department to cause Plaintiff's arrest and prosecution without probable cause in violation of the Fourth Amendment." However, it is not enough merely to recite that there was an agreement or that defendants conspired or acted in concert, for these are *conclusions*, not *facts*. See also Waechter, Poitevent, Carrere & Denegre, No. 05-30370, 2006 WL 558902, 1 (5th Cir. Mar. 8, 2006) (recognizing that while "a non-state actor may be liable under [§] 1983 if the private citizen was a willful participant in joint activity with the State or its agents," "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice"); Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004) (stating that "[a]llegations (of conspiracy) that are merely conclusory, without reference to specific facts, will not suffice."); Arseaneaux v. Roberts, 726

9

F.2d 1022, 1024 (5th Cir. 1982) (observing that "conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss"); <u>Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors</u>, Civil Action No. 09-1126, 2010 WL 1286352, 3 (W.D. La. Mar. 30, 2010)(holding that complaints which alleged that the private defendant acted "in concert with the state actor" were insufficient to state § 1983 claim under <u>Twombly</u> standard since complaints did not state any factual basis to support conspiracy charges and were "absolutely silent as to how [the private defendant] 'acted in concert with' any state actor").

The only facts plaintiff has alleged as putative support for her conclusory allegations of an agreement and concerted action are the alleged "facts" that the private defendants falsely reported to Kemper County law enforcement officials that plaintiff had stolen privileged information or company secrets valued in excess of $10,000,000, and that, "[l]argely because of the wealth and prestige of Defendant Pharma Pac, LLC in Kemper County," Kemper County Sheriff's Department officers accepted the private defendants' conclusory allegations. These factual allegations, accepted as true, do not indicate the type of joint action necessary to convert the private defendants' actions into state action.

Courts have routinely held that "a private actor does not take joint action under color of state law and thereby become liable under § 1983 merely by furnishing information to police officers who then act upon that information". Givens v. Main Street Bank, Civil Action No. 5:08CV25, 2009 WL 1120599, 8 (N.D. W.Va. Apr. 24, 2009. See also Lockhead v. Weinstein, 24 F. App'x 805, 806, 2001 WL 1646868 (9th Cir. 2001) ("[M]ere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983"); How v. City of Baxter Springs, No. 06-3022, 217 Fed. Appx. 787, 793, 2007 WL 533881 (10th Cir. Feb. 22, 2007) ("[A]bsent more, causing the state, or an arm of the state, to initiate a prosecution or serve process is insufficient to give rise to state action."); Hughes v. Meyer, 880 F.2d 967, 972 (7th Cir. 1989) ("[P]rivate parties are not state actors when they merely call on the law for assistance, even though they may not have grounds to do so. ... There must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal.") (quoting Gramenos v. Jewel Cos., 797 F.2d 432, 435 (7th Cir. 1986)); Krisher v. Krisher, Cause No. 3:09-CV-83-TS, 2009 WL 3568664, 6 (N.D. Ind. Oct. 26, 2009) (allegation that the defendant and police officer had meeting of minds and conspired to violate plaintiff's constitutional rights was "merely conclusory," and only specific

factual allegation, that defendant called law enforcement to come to his house and conferred with law enforcement officer just before officer threatened to arrest plaintiff, did not plausibly suggest shared goal to deprive plaintiff of constitutional rights); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 404 (S.D.N.Y. 2004) (private party who calls for police assistance is not rendered a state actor under § 1983, even if the call caused plaintiff's detainment); Kahermanes v. Marchese, 361 F. Supp. 168, 171 (E.D. Pa. 1973) ("The deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil Rights Acts.").

In the case at bar, there are no allegations that would support an inference that the Kemper County officials acted in concert with the private defendants to violate plaintiff's right to be free from arrest without probable cause.  There is nothing to suggest that Kemper County deputies were aware that the allegations that were being made against Polacek were false; on the contrary, it is alleged that Kemper County officials accepted the allegations.  And there is no allegation that Kemper County deputies were aware of any improper motive on the part of the private defendants, which might suggest that the deputies were knowingly facilitating the private defendants' vendetta.  On the contrary, Polacek explicitly alleges that the private defendants

12

did not disclose their retaliatory motive to the deputies.  Cf.

Givens, 2009 WL 1120599 at 9 (holding that complaint was

sufficient to state § 1983 claim against private individual where

it charged that the plaintiff's arrest was based on "falsified

information prepared by" both the arresting officer and the

putative complainants (defendants), and alleged that the officer

knew the information was false).

Some courts have recognized that a claim for conspiracy may

lie where a private party furnishing information to law

enforcement officials had some "special relationship with

law-enforcement officials" that influenced whether officials

decided to prosecute the plaintiff.  See, e.g., Lockhead v.

Weinstein, 2001 WL 1646868, at 2.  But "[t]o find a conspiracy

(based on such a relationship), there would need to be facts from

which it could be inferred that the state actors substituted (the

private party's) judgment for their own."  Fisk v. Letterman, 401

F. Supp. 2d 362  377-378 (S.D.N.Y. 2005) (holding that "a private

party who calls the police for assistance does not become a state

actor unless the police were influenced in their choice of

procedure or were under the control of the private party").  See

also Lewis v. Jordan, No. 1:09CV21, 2009 WL 3718883, 6-7 (M.D.N.C.

Nov. 4, 2009) (allegation of conspiracy sufficient where alleged

private actor whose complaint set things in motion was the uncle

of the sheriff and deputy sheriff who effected the challenged

arrest). Certainly, no case has held that a state actor's unilateral deference to a private party based on the private party's financial status can turn the private party into a state actor. As the movants correctly argue, the notion that law enforcement authorities are more deferential to wealthier citizens cannot serve as a substitute for alleging and ultimately proving an agreement between the private defendant and a state actor. If it could, then the law would make it easier to prove a § 1983 claim against a wealthy defendant than against others. Thus, Polacek's allegation that the state actors' decision to arrest her was influenced by Pharma Pac's financial status or standing in the community is not sufficient to state a § 1983 claim against the private defendants, and this claim will therefore be dismissed.

Since there is not complete diversity of citizenship between the parties, Polacek, pursuant to 28 U.S.C. § 1367, has invoked this court's supplemental jurisdiction over plaintiff's state law claims against the private defendants for civil conspiracy, malicious prosecution, false arrest, abuse of process, intentional infliction of mental distress and violation of public policy. These defendants have argued that if the § 1983 claim against them is dismissed, then there will remain no federal claims against them; and they submit that because the remaining state law claims predominate over plaintiff's remaining federal claims against Kemper County, then pursuant to § 1367(c)(2), this court should

decline to exercise supplemental jurisdiction over Polacek's state law claims against them and require Polacek to litigate those claims in state court.

Once the court has original jurisdiction over a case, § 1367(a) grants the court subject matter jurisdiction over state laws claims that are part of the same case or controversy. See 28 U.S.C. § 1367(a) (providing "the district courts shall have supplemental jurisdiction over all other claims that are so related to [federal claims] that they form part of the same case or controversy under Article III"). Section 1367(c) then grants the court discretion under certain circumstances to dismiss the state law claims even if they are part of the same case or controversy. Acknowledging this, the private defendants make clear in their motion that their request for dismissal of Polacek's state law claims is based, not on an absolute lack of subject matter jurisdiction, but rather, on the ability of the court to decline to exercise that jurisdiction.[2]

---

[2] Defendants implicitly acknowledge that Polacek's state law claims against them are part of the same "case or controversy" as her federal claims, over which the court has original jurisdiction. Non-federal claims are considered part of the same "case" as federal claims when they " 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Finley v. United States, 490 U.S. 545, 549, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966))). See also Bennett v. Biamont, No. CIV.A. 01-2717, 2002 WL 1611639, 2 (E.D. La. Jul. 19, 2002) ("A loose factual connection between the claims is generally sufficient" to satisfy case or controversy

Pursuant to § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claim if

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In deciding whether to exercise supplemental jurisdiction, the court must consider these factors, as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)." Batiste v. Island Records Inc., 179 F.3d 217, 226-227 (5th Cir. 1999). See Carnegie-Mellon Univ. v. Cohill, 484 U.S. at 350, 108 S. Ct. at 619 (stating, "Under Gibbs, a federal court should consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity

_____

requirement for purposes of exercise of supplemental jurisdiction) (citing 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure §§ 3567.1, at 117 (2d ed. 1984)).

in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims. . . . As articulated in Gibbs, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.").

As the basis for their request for dismissal, the private defendants argue that after dismissal of the § 1983 claim against them, the state law claims in the case will "substantially predominate" over the remaining federal claims against Kemper County.  In United Mine Workers of America v. Gibbs, the United States Supreme Court explained that "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."  383 U.S. at 726, 86 S. Ct. at 1139.

The private defendants note that as between Polacek and them, if the § 1983 claim is dismissed, Polacek will have only state law claims against them, none of which will turn on any issue of federal law.  Those claims are for civil conspiracy, malicious prosecution, false arrest, abuse of process, and intentional infliction of mental distress, as well as for violation of Mississippi public policy by criminally prosecuting someone who

reported a crime.  Defendants admit there is some factual overlap

between some of Polacek's remaining state law claims against them

and her other claims against Kemper County.  They contend, though,

that there are many areas where there is no overlap and which will

require unrelated proof.  For example, Polacek's state law claims

will turn upon evidence regarding her dealings with Perrigo and

the private defendants' alleged conspiracy to retaliate against

her for reporting Samuel Sirkin's alleged theft from Perrigo, none

of which is relevant to her claims against Kemper County, whose

deputies are alleged to have arrested her and initiated her

prosecution based on false information which was allegedly

insufficient to create probable cause and to have thereafter

required an excessive bail for her release from jail.

Defendants note that there are also state law counterclaims

that have been brought by Samuel Sirkin against Polacek for

slander and libel and for prima facie tort under New York law,

arising out of Polacek's accusations that Samuel Sirkin stole

money from Perrigo, which claims have no connection to Polacek's

claims against Kemper County.  In addition, Pharma Pac has

asserted counterclaims against Polacek for breach of contract,

breach of fiduciary duty, unjust enrichment and restitution,

constructive trust, conversion and tortious interference with

contract/prospective business relations based on allegations that

Polacek, after having embezzled millions of dollars during her

18

employment with Perrigo, stole substantial amounts of confidential and proprietary information from Pharma Pac and provided this information to Perrigo as part of a settlement of Perrigo's claims against her, and that Perrigo, in possession of Pharma Pac's information, then cancelled its contracts with Pharma Pac. Defendants submit that these claims are largely wholly unrelated to the claims against Kemper County.  They note, as an example, that Pharma Pac's claim of tortious interference will involve extensive evidence about its contract with Perrigo and the circumstances surrounding its termination, which has no bearing on the liability of Kemper County.  And Pharma Pac's claim against Polacek for unjust enrichment will implicate the settlement of Perrigo's embezzlement case against her, which has no relation to the claims brought by Polacek against Kemper County, which involve the issue whether, based on the information in its possession, Kemper County had probable cause for her arrest and prosecution, and whether the County violated her constitutional rights by the setting of
excessive bail.

Polacek responds that simply because more state legal theories are pled than are federal theories does not change the fact that (at least some) of the federal and state claims-those relating to her arrest and prosecution and whether there was probable cause for her arrest and prosecution--are interrelated.

She submits that under the circumstances, in the interests of judicial economy, convenience and fairness, she ought not be required to engage in two separate sets of expensive litigation, one against the private defendants and one against Kemper County.

Having considered the parties' respective positions, the court has determined that the state law claims involving the private defendants do not "substantially predominate" over the federal claims involving Kemper County, and that, in the end it would best serve the interests of fairness, convenience and judicial economy for all the claims to be litigated in a single forum. The private defendants' request to dismiss the claims against them will be denied.

Based on the foregoing, it is ordered that the private defendants' motion to dismiss plaintiff's § 1983 claim against them is granted, but that their motion to dismiss plaintiff's state law claims against them is denied.

SO ORDERED this 28th day of June, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE