```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  EASTERN DIVISION


JUNE POLACEK                                          PLAINTIFF

VS.                           CIVIL ACTION NO. 4:09CV145TSL-LRA

KEMPER COUNTY, MISSISSIPPI,
PHARMA PAC, LLC, NEIL SIRKIN,
SAMUEL SIRKIN and JOSEPH DONOVAN                     DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Pharma-Pac, LLC, Neil Sirkin, Samuel Sirkin and Joseph Donovan, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on plaintiff's remaining claims against them, which are state law claims for false arrest, abuse of process, intentional infliction of mental distress, civil conspiracy, malicious prosecution and "violation of public policy." Plaintiff June Polacek initially responded to the motion, conceding all but her malicious prosecution and civil conspiracy claims. Defendants sought summary judgment on plaintiff's malicious prosecution claim on the basis that plaintiff could not show that the criminal proceedings against her, on which her claim for malicious prosecution is based, terminated in her favor, and hence could not prove an essential element of her claim. See Pugh v. Easterling, 367 So. 2d 935, 937 (Miss. 1979) ("It is evident from our cases that, when a suit for malicious prosecution is based on a criminal proceeding, the criminal proceeding must terminate in favor of the

defendant before a defendant has a cause of action for malicious prosecution."). They sought summary judgment on her civil conspiracy claim on the basis that there was no underlying tort to support such claim. Plaintiff filed a response to the substance of the motion, but also moved for a continuance of the motion so that she could depose the Kemper County District Attorney, and also if necessary, the Assistant District Attorney and/or her former criminal defense attorney, Charles W. Wright, Jr., to secure evidence to substantiate the basis for the dismissal of the criminal charges against her. By order dated November 12, 2010, the court granted plaintiff's Rule 56(f) motion, and gave plaintiff thirty days within which to complete the requested discovery. On December 20, 2010, defendants informed the court via "notice" filed in the court record that plaintiff had neither taken, nor noticed any of the three depositions she had requested. Plaintiff did not respond to defendants' notice, and upon inquiry of the court, her counsel has confirmed that plaintiff has not pursued the requested discovery and further advised that plaintiff does not intend to supplement her response to the pending summary judgment motion and would instead have the court consider the substance of the response she initially submitted. Therefore, the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion for summary judgment should be granted as to all but plaintiff's

malicious prosecution and civil conspiracy claims, as to which the motion should be denied.

At issue is whether the dismissal of the criminal indictment against Polacek pursuant to the Kemper County Circuit Court's November 13, 2008 Order of Nolle Prosequi is a favorable termination for purposes of Polacek's malicious prosecution claim. The Mississippi Supreme Court has held that "termination by a formal Nolle prosequi is ... a termination favorable to plaintiff." Pugh, 367 So. 2d at 938 (citing Brooks v. Super Service, Inc., 183 Miss. 833, 183 So. 484, suggestion of error overruled 185 So. 202 (1938)). Defendants note, though, that the Mississippi Supreme Court, citing with approval Section 660 of the Restatement (Second) of Torts, has also recognized the prevailing view that the abandonment of a criminal prosecution as the result of a compromise to which the accused agreed is not a termination in favor of the accused for purposes of a malicious prosecution claim. See Van v. Grand Casinos of Mississippi, Inc., 724 So. 2d 889, 892 (Miss. 1998); see also Jones v. Donald Co., 137 Miss. 602, 102 So. 540 (Miss. 1925)) (dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused"); Restatement (Second) of Torts § 660 (providing that "[a] termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of

3

action for malicious prosecution if (a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused...."). The question, then, is whether the circumstances of the dismissal of criminal charges against Polacek via nolle prosequi place the dismissal in the "favorable termination" category, as Polacek claims, or whether, as contended by defendants, the dismissal was the product of a compromise or settlement with Polacek and hence not a favorable termination for malicious prosecution purposes.

In support of their position that the dismissal of the charges was pursuant to a compromise or settlement with Polacek, defendants have offered as exhibits (1) an October 29, 2008 letter from Polacek's attorney in the underlying criminal case to the Kemper County District Attorney's office referencing discussions in which the district attorney's office had indicated the district attorney was considering dismissal of the charges "conditioned upon June Polacek's cooperating in responding" to certain questions posed by the district attorney's office; and (2) the November 13, 2008 Order of Nolle Prosequi entered by the circuit court, which recites that the district attorney had moved for an order of nolle prosequi without prejudice "based on the representation of [Polacek's counsel] that his client had proffered certain information in response to those certain questions posed by the district attorney. Defendants submit that

it is apparent from the face of the letter and order that the criminal charges were dismissed as part of a settlement and that consequently, there was no favorable termination for purposes of a malicious prosecution tort claim.[1]  However, the questions posed by the district attorney's office all appear to have related to whether there was any factual basis for the charges that had been brought against Polacek; and the extent of her cooperation appears to have amounted to little more than her denying that any such basis existed.  Polacek was charged with stealing company secrets from her then-current employer, Pharma Pac, LLC, and providing the stolen information to her former employer Peigo (successor to Clay Park).  The district attorney sought dismissal of the charges against Polacek after she responded, through her attorney, that she "did not give any information of PharmaPac's business to any competitors, including Perigo...."

In the court's opinion, the evidence presented by defendants, viewed in the light most favorable to Polacek, does not establish,

---

[1]  For her part, plaintiff has submitted as an exhibit a May 28, 2009 letter from an Assistant United States Attorney for the Eastern District of New York to a United States District Court judge for the same district, in which he reports that an assistant district attorney in the Kemper County District Attorney's office reported to him that the Kemper County case against Polacek had been dismissed for "lack of evidence."  Since the statement attributed to a Kemper County district attorney concerning the reason for the decision to dismiss the charges is hearsay, it is not admissible and may not be considered by the court.  See Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995) (noting that hearsay evidence and other evidence excludable at trial is not competent summary judgment evidence).

as a matter of law, that the charges against her were dismissed on the basis of a compromise or settlement, as opposed to being dismissed because the district attorney determined (or confirmed through Polacek's cooperation) that he lacked evidence to move forward with the prosecution of Polacek on the charges that had been brought against her.

For this reason, the court concludes that defendants' motion for summary judgment should be denied on Polacek's malicious prosecution and civil conspiracy claims, but is granted as to all remaining claims.

SO ORDERED this 3rd January, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE